Filed 5/10/16  P. v. Galley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078824 |
| v. | (Super. Ct. Nos. 62122897, 62124820, 62128294) |
| ANTHONY JAMES GALLEY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony James Galley has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we order a correction to the abstract of judgment to reflect the victim restitution awards in case No. 62-124820 and affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On May 27, 2013, defendant twice entered a Kaiser Permanente building, taking two trash cans full of property. He left a duffle bag of burglary tools behind. Defendant was charged in case No. 62-122897 with two counts of second degree commercial burglary and one count of possession of burglary tools. (Pen. Code, §§ 459, 466.)[1]

On July 13, 2013, defendant entered a school building and took a camera worth $3,000. On July 29, 2013, defendant entered a personal residence and took several items, including a laptop computer, a rifle, a new television still in its box, and a check -- that defendant later cashed. Defendant was charged in case No. 62-124820 with nine counts: (1) first degree burglary (§ 459), (2) possession of a firearm by a felon (§ 29800, subd. (a)(1)), (3) grand theft firearm (§ 487, subd. (d)(2)), (4) two counts of felony grand theft (§ 487, subd. (a)), (5) receiving stolen property (§ 496, subd. (a)), (6) two counts of identity theft (§ 530.5, subd. (a)), and (7) forgery (§ 476). It was further alleged defendant had committed the grand theft offense while released on bail or on his own recognizance within the meaning of section 12022.1.

On December 11, 2013, defendant broke into a car and stole a bag containing a firearm and a wallet. Defendant thereafter attempted to make purchases using the Home Depot credit card that was in the wallet. Defendant was charged in case No. 62-128294 with six counts: (1) possession of a firearm by a felon (§ 29800, subd. (a)(1)), (2) second degree burglary of a vehicle (§ 459), (3) identity theft (§ 530.5), (4) two counts of second degree commercial burglary (§ 459), and (5) grand theft firearm (§ 487, subd. (d)(2)). It was further alleged defendant committed the grand theft firearm offense while released on bail or on his own recognizance within the meaning of section 12022.1.

On January 27, 2015, defendant pleaded no contest in case No. 62-122897 to second degree commercial burglary (§ 459). Defendant also pleaded no contest in case

---

[1]     Undesignated statutory references are to the Penal Code.

No. 62-124820 to first degree burglary (§ 459), misdemeanor grand theft of a firearm (§ 487, subd. (d)(2)), felony grand theft (§ 487, subd. (a)), and identity theft (§ 530.5, subd. (a)). Defendant further admitted the section 12022.1 on bail enhancement allegation. Defendant also pleaded no contest in case No. 62-128294 to possession of a firearm by a felon (§ 29800, subd. (a)(1)), identity theft (§ 530.5, subd. (a)), and misdemeanor grand theft (§ 487, subd. (d)(2)). In exchange for his plea, it was agreed he would serve a nine-year four-month term in state prison and the remaining counts and allegations would be dismissed.

Sentencing took place on February 10, 2015. The trial court sentenced defendant to serve an aggregate term of nine years four months in state prison as follows: (1) in case No. 62-124820 to serve the midterm of four years for first degree burglary (§ 459), a consecutive one-third the midterm (eight months) for identity theft (§ 530.5, subd. (a)), a consecutive one-third the midterm (eight months) for felony grand theft (§ 487, subd. (a)), a concurrent six months for grand theft (§ 487, subd. (d)(2)), and a consecutive two years for the on-bail enhancement; (2) in case No. 62-122897 to serve a consecutive one-third the midterm (eight months) for second degree commercial burglary (§ 459); and (3) in case No. 62-128294 to a consecutive one-third the midterm (eight months) for possession of a firearm by a felon (§ 29800, subd. (a)(1)), a consecutive one-third the midterm (eight months) for identity theft (§ 530.5), and a concurrent six months for grand theft (§ 487, subd. (d)(2)). The trial court also imposed various fines and fees and awarded defendant 348 days of presentence conduct credit.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

Appointed counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record discloses an omission from the abstract of judgment. At sentencing, defendant stipulated to victim restitution in case No. 62-124820 to M.W. in the amount of $1,610 and to Dry School District in the amount of $3,000. Those victim restitution awards were omitted from the abstract of judgment. We order the abstract of judgment corrected to reflect those imposed amounts. (*People v. Mitchell* (2001) 26 Cal.4th 181, 184, 185.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment reflecting the victim restitution awards in case No. 62-124820 and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

/s/

HOCH, J.

We concur:

/s/

BLEASE, Acting P. J.

/s/

ROBIE, J.

4